NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted January 24, 2012[*]

Decided February 16, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

WILLIAM J. HIBBLER, *District Judge*[**]

| | |
|---|---|
| **No**. 11-1641 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| MMG FINANCIAL CORPORATION, *Plaintiff-Appellee*, | |
| **v.** | No. 06-C-929 William C. Griesbach, *Judge*. |
| MIDWEST AMUSEMENTS PARK, LLC, *et al.*, *Defendants-Appellants.* | |

| | |
|---|---|
| **No**. 11-1899 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| MMG FINANCIAL CORPORATION, *Plaintiff-Appellee*, | |
| **v.** | No. 06-C-929 William C. Griesbach, *Judge*. |
| MIDWEST AMUSEMENTS PARK, LLC, *et al.*, *Defendants.* | |

APPEAL OF: REBEKAH M. NETT.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

[**] Of the Northern District of Illinois, sitting by designation.

**Order**

Some issues remained in the district court after our decision last year that resolved the principal substantive disputes. See 630 F.3d 651 (7th Cir. 2011). Two successive appeals from post-judgment orders present some of these collateral issues.

The first appeal, No. 11-1641, is untimely. Counsel asked the district court to extend the time, see Fed. R. App. P. 4(a)(5)(A), contending that a bout of influenza provided good cause for the delay. The district court denied this motion, observing that even while suffering from influenza a lawyer should be able to prepare a notice of appeal, a one-page document that can be filed electronically from home. Moreover, the judge observed, counsel had not provided any reason for waiting until the last day; counsel was not ill for the bulk of the period allowed for filing a notice of appeal. Defendants now ask us to override the district judge's decision, but our review is deferential. See *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). The district judge's explanation is sensible, so the decision does not represent an abuse of discretion.

To the extent that appeal No. 11-1641 contests some ancillary matters resolved by the district court after the judgment that was the subject of the untimely appeal, it is within our jurisdiction but supplies no basis for relief. The district court was entitled to set off attorneys' fees awarded in a parallel Canadian suit against attorneys' fees awarded in this suit. The setoff does not injure appellants. (There is some suggestion in the papers that appellants have not paid the amounts awarded against them in the US litigation but are hoping that MMG Financial will pay the fees awarded in the Canadian case. A setoff prevents appellants from enriching themselves by failing to satisfy the judgments entered in this litigation.)

The second appeal, No. 11-1899, is from an order ordering Rebekah M. Nett to pay $5,000 as a sanction for filing papers containing insulting or scurrilous language— in particular, assertions that the basis for the adverse decisions must be racial or ethnic bias, which Nett asserted was just like Nazi persecution of the Jews. The assertion that the judicial decisions in this litigation is similar to Nazi atrocities is outrageous. The appellate brief asserts that sanctions are unwarranted because "the comments were just stating the facts" (App. Br. 16) and "counsel cannot be sanctioned for making truthful statements" (id. at 20). This is unprofessional conduct, to say the least. Any repetition in a document filed in this court will lead to further sanctions. If Nett has not already paid the sanction, she must do so within 14 days, and furnish both the district court and this court with proof of payment. Failure to do so will lead to suspension from this court's bar pending formal disciplinary proceedings.

Appeal No. 11-1641 is dismissed to the extent that it presents any issues related to the district court's decisions on or before October 26, 2010. The decisions otherwise are affirmed.